In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-567 CV


 ______________________


 

IN RE COMMITMENT OF DEVERN WILLIAMS







On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 06-04-03848 CV 






MEMORANDUM OPINION


 The State of Texas filed a petition to commit Devern Williams as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp.
2007). A jury determined that Williams suffers from a behavioral abnormality making him
likely to engage in a predatory act of sexual violence. The trial court ordered Williams
committed as a sexually violent predator. In a single issue, Williams argues that the trial
court erred in admitting certain testimony of Dr. Rahn Bailey. Finding no reversible error,
we affirm the trial court's judgment.

 On direct examination, Dr. Bailey, a forensic psychiatrist, testified as follows:

 The records have shown at least during a portion of the time that [Williams]
refused certain forms of treatments. We get the information on sexual
offender treatment and on alcohol and drug treatment. I'm not sure if he
refused both. But at least a portion of the time that he has been in prison he
refused some of the treatments that were offered to him. 


Dr. Bailey testified that by refusing treatment Williams might increase his chance of
recidivism. 

 On cross-examination, Williams's counsel asked Dr. Bailey to locate in the file where
he received the information that Williams had "refused treatment." Williams complains on
appeal that in answering the question, Dr. Bailey testified to the following: (1) Williams did
not receive drug and alcohol treatment while in prison; (2) Williams did not participate in sex
offender treatment while in prison; (3) Williams admitted that he used marijuana; (4)
Williams admitted that he used heroin; (5) Williams admitted that he used alcohol. Williams
did not object to this testimony at trial. The error, if any, presented by the introduction of this
testimony was not preserved. See Tex. R. App. P. 33.1(a).

 Williams also complains that Dr. Bailey read a letter written by Williams's sister to
the parole board asking the board not to release Williams. Dr. Bailey read the following
passage of the letter:

 Please note that although I am [Devern]'s sister, it is not in his best interest or
that of my parents' that he be released, particularly if he goes to parole at
Austin District 1. As you very well know, [Devern] has been institutionalized
for the majority of his life. In addition, he has a clinical diagnosis of paranoid
schizophrenia and as a habitual violent rapist. I am quite disturbed about the
issuance of a release certificate for [Devern].

 . . . .

 Second, on the basis of the letters my mother has received from [Devern] over
the last several months, it is glaringly obvious that he is no longer receiving or
taking his medications.


After Dr. Bailey read the letter, counsel objected that the answer was nonresponsive, and the
objection was overruled. Williams argues that Dr. Bailey's testimony was illegal, was an
attempt to inflame the jurors with extraneous conduct, made the jury despise Williams, and
created prejudice toward him. 

 We review the trial court's admission of evidence for an abuse of discretion. City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). When Williams's counsel
asked Dr. Bailey to locate in the record where Williams refused treatment, Dr. Bailey
identified entries indicating Williams denied needing treatment or denied treatment. Counsel
made no timely objection to these responses. See Tex. R. App. P. 33.1(a). Instead, counsel
told Dr. Bailey he had not answered the refusal of treatment question. Counsel objected
when Dr. Bailey read the letter from Williams's sister. That letter included a statement that
it was "glaringly obvious" Williams was no longer receiving or taking his medications. 
Counsel renewed the objection when he made a motion to strike the testimony. The cross-examination attempted to show the absence of an express refusal of treatment in the records. 
The trial court did not abuse its discretion in allowing the witness, in attempting to answer
that question, to identify the evidence on which his direct testimony was based. 

 Furthermore, any error in allowing non-responsive portions of the letter in evidence
does not require reversal of the judgment considering the entire record. The complaining
party must prove that the error probably resulted in an improper judgment. Tex. R. App. P.
44.1(a); Alvarado, 897 S.W.2d at 753. To determine whether the case turns on the evidence
admitted, we review the entire record. See Alvarado, 897 S.W.2d at 754. 

 Williams has not shown that the trial court's evidentiary ruling probably resulted in
an improper judgment. The jury was not required to make a judgment based solely on the
letter's content. Dr. Wanda Grady Ward, Williams's sister, testified that she wrote the letter. 
Her testimony undercut the information from the non-responsive portions of the letter. She
testified that she no longer felt the way she did when she wrote the letter, and she wanted
Williams released to his family. Ward testified that Williams's paranoia related to their
father, who is now deceased. She testified that Williams was not a danger to her mother or
anyone else in the family. She explained that when Williams is taking his medication, "he
is more normal than one might otherwise expect[,]" and that his family would make sure that
he took his medication. Ward testified that Williams would not be a danger to strangers
when he is released from prison. She explained that although her letter stated Williams was
no longer taking his medication, she did not know whether he was on medication or not. 
Ward testified that Williams may not have received any behavioral therapy or psychological
counseling services in prison, and that he was only given medication. 

 We must review the rest of the record to determine whether admission of the evidence
probably resulted in an improper judgment. The jury heard testimony that Williams had been
hospitalized numerous times. The State entered into evidence the penitentiary packets for
Williams's conviction for assault with intent to rape and his two convictions for rape. The
jury viewed Williams's video-taped deposition testimony. Williams testified regarding the
offenses that led to the three convictions, and testified that he committed his third offense
while on probation for rape. Williams testified that he has had a prison disciplinary
infraction for choking and raping an inmate. 

 Dr. Woodrick, a psychologist, testified that Williams suffered from paranoid
schizophrenia, bipolar disorder, and depression. Dr. Woodrick explained that Williams was
more likely to commit sexual offenses because Williams suffers from an antisocial
personality disorder and psychopathy. The doctor also indicated that Williams received high-risk scores on his sex offender recidivism scales. Dr. Woodrick concluded that Williams had
a behavioral abnormality that makes him likely to engage in predatory acts of sexual
violence.

 Dr. Bailey explained that Williams's schizophrenia increased his chances of
recidivism, and that Williams's paranoid schizophrenia caused Williams to act out in a
sexually aggressive manner. The doctor testified that most of Williams's delusions related
to sexuality and sexual activity, and Williams was probably preoccupied with sex and
sexuality for the majority of his waking hours. Dr. Bailey testified that the sexual convictions
involved threats and force, and that past aggression indicates future violence. He testified
that Williams's scores on the actuarials indicate he has a high risk of reoffending. The doctor
also testified that Williams's probation violation is a factor that increases his risk of
recidivism. Dr. Bailey concluded that Williams has a behavioral abnormality that makes him
likely to engage in predatory acts of sexual violence. 

 Based on our review of the entire record, we conclude any error in admitting non-responsive testimony of Dr. Bailey does not require reversal of the judgment. See Tex. R.
App. P. 44.1. Issue one is overruled. The judgment is affirmed.

 AFFIRMED.

 

 

 DAVID GAULTNEY

 Justice 


Submitted on July 24, 2007

Opinion Delivered December 6, 2007


Before McKeithen, C.J., Gaultney and Horton, JJ.